1  LYNN HUBBARD, III, SBN 69773
   SCOTTLYNN J HUBBARD, IV, SBN 212970
2  **DISABLED ADVOCACY GROUP, APLC**
   12 Williamsburg Lane
3  Chico, CA 95926
   Telephone: (530) 895-3252
4  Facsimile: (530) 894-8244

5  Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| TONY MARTINEZ, | ) No. |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) **Plaintiff's Complaint** |
| PRB MANAGEMENT, LLC dba TACO BELL #002754, | ) |
| Defendant. | ) |

*Martinez v. PRB Management, LLC*
Plaintiff's Complaint

Page 1

## I. SUMMARY

1. This is a civil rights action by plaintiff Tony Martinez ("Martinez") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Taco Bell #002754
6741 Watt Avenue
North Highlands, CA 95660
(hereafter "the Restaurant")

2. Martinez seeks damages, injunctive and declaratory relief, attorney fees and costs, against PRB Management, LLC dba Taco Bell #002754 (hereafter "Taco Bell") pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) and related California statutes.

## II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5. Martinez's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

7. Taco Bell owns, operates, and/or leases the Restaurant, and consists of a person (or persons), firm, and/or corporation.

8.     Martinez is a quadriplegic as result of being shot in the back in 1987 and requires the use of a wheelchair and mobility equipped vehicle when traveling about in public. Consequently, Martinez is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9.     The Restaurant is an establishment serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.    Martinez visited the Restaurant and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility.  To the extent known by Martinez, the barriers at the Restaurant included, but are not limited to, the following:

- The disabled parking space has slopes and cross slopes that exceed 2.0% due to the encroaching built-up curb ramp.  Without a level parking space, it is difficult for Martinez to unload from his vehicle as his wheelchair rolls;
- The access aisle has slopes and cross slopes that exceed 2.0% due to the encroaching built-up curb ramp.  Without a level access aisle, it is difficult for Martinez to unload from his vehicle as his wheelchair rolls;
- The signage at the van accessible parking space is incorrect (there is no separate sign stating "van accessible").  Without the correct signage, it is difficult for Martinez to determine which space is intended for his use when traveling by van.  Additionally, if the

correct signage is not posted, Martinez cannot have vehicles that towed that are illegally parked in disabled parking spaces;

- The International Symbol of Accessibility painted within the disabled parking space is too small, thus making it difficult for Martinez to determine which spaces are intended to be for the use of the disabled;
- The ordering/pick-up counter is too high with no portion lowered to accommodate a patron in a wheelchair, thus making it difficult for Martinez to use;
- The entrance doors have inaccessible "panel" handles, thus making it difficult for Martinez to pull open the door;
- The accessible route in and out of the restroom is blocked by the waste receptacle, thus making it difficult for Martinez to enter and leave;
- The water closet is an obstruction to the use of the disposable seat cover dispenser, thus making the dispenser difficult – if not impossible – for Martinez to reach and use;
- The flush valve is not located on the wide side of the water closet, thus making it difficult – if not impossible – for Martinez to reach and use;
- The mirror is mounted too high, thus making it difficult for Martinez to use;
- The pipes beneath the lavatory are incompletely and improperly wrapped, thus causing Martinez to risk burning his legs when using; and,

*Martinez v. PRB Management, LLC*
Plaintiff's Complaint

Page 4

- The paper towel dispenser is mounted too high and is outside of the required reach range limits, thus making it difficult – if not impossible – for Martinez to reach and use.

These barriers prevented Martinez from enjoying full and equal access.

11. Martinez was also deterred from visiting the Restaurant because he knew that the Restaurant's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Restaurant because of the future threats of injury created by these barriers.

12. Martinez also encountered barriers at the Restaurant, which violate state and federal law, but were unrelated to his disability. Nothing within this complaint, however, should be construed as an allegation that Martinez is seeking to remove barriers unrelated to his disability.

13. Taco Bell knew that these elements and areas of the Restaurant were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Taco Bell has the financial resources to remove these barriers from Taco Bell (without much difficulty or expense), and make the Restaurant accessible to the physically disabled.  To date, however, Taco Bell refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14. At all relevant times, Taco Bell has possessed and enjoyed sufficient control and authority to modify the Restaurant to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.  Taco Bell has not removed such impediments and has not modified the Restaurant to conform to accessibility standards.

*Martinez v. PRB Management, LLC*
Plaintiff's Complaint

Page 5

## VI. FIRST CLAIM

## Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

15. Martinez incorporates the allegations contained in paragraphs 1 through 14 for this claim.

16. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

17. Taco Bell discriminated against Martinez by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Restaurant during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

18. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." <u>Id.</u> § 12181(9).

19. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id.</u> § 12182(b)(2)(A)(v).

20. Here, Martinez alleges that Taco Bell can easily remove the architectural barriers at Restaurant without much difficulty or expense, and that

*Martinez v. PRB Management, LLC*
Plaintiff's Complaint

Page 6

Taco Bell violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

21. In the alternative, if it was not "readily achievable" for Taco Bell to remove the Restaurant's barriers, then Taco Bell violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

22. On information and belief, the Restaurant was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

23. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

24. Here, Taco Bell violated the ADA by designing or constructing (or both) the Restaurant in a manner that was not readily accessible to the physically disabled public—including Martinez—when it was structurally practical to do so.[1]

### Failure to Make an Altered Facility Accessible

25. On information and belief, the Restaurant was modified after January 26, 1992, independently triggering access requirements under the ADA.

26. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the

---

[1] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Martinez v. PRB Management, LLC*
Plaintiff's Complaint

1  paths of travel, bathrooms, telephones, and drinking fountains serving that area
2  accessible to the maximum extent feasible. Id.

3      27.    Here, Taco Bell altered the Restaurant in a manner that violated the
4  ADA and was not readily accessible to the physically disabled public—including
5  Martinez—to the maximum extent feasible.

6  Failure to Modify Existing Policies and Procedures

7      28.    The ADA also requires reasonable modifications in policies,
8  practices, or procedures, when necessary to afford such goods, services, facilities,
9  or accommodations to individuals with disabilities, unless the entity can
10 demonstrate that making such modifications would fundamentally alter their
11 nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

12     29.    Here, Taco Bell violated the ADA by failing to make reasonable
13 modifications in policies, practices, or procedures at the Restaurant, when these
14 modifications were necessary to afford (and would not fundamentally alter the
15 nature of) these goods, services, facilities, or accommodations.

16     30.    Martinez seeks all relief available under the ADA (*i.e.*, injunctive
17 relief, attorney fees, costs, legal expense) for these aforementioned violations. 42
18 U.S.C. § 12205.

19     31.    Martinez also seeks a finding from this Court (*i.e.,* declaratory relief)
20 that Taco Bell violated the ADA in order to pursue damages under California's
21 Unruh Civil Rights Act or Disabled Persons Act.

22 VII. SECOND CLAIM
23 **Disabled Persons Act**

24     32.    Martinez incorporates the allegations contained in paragraphs 1
25 through 29 for this claim.

26     33.    California Civil Code § 54 states, in part, that: Individuals with
27 disabilities have the same right as the general public to the full and free use of the
28

1  streets, sidewalks, walkways, public buildings and facilities, and other public
2  places.

3      34.    California Civil Code § 54.1 also states, in part, that: Individuals
4  with disabilities shall be entitled to full and equal access to accommodations,
5  facilities, telephone facilities, places of public accommodation, and other places
6  to which the general public is invited.

7      35.    Both sections specifically incorporate (by reference) an individual's
8  rights under the ADA. <u>See</u> Civil Code §§ 54(c) and 54.1(d).

9      36.    Here, Taco Bell discriminated against the physically disabled
10 public—including Martinez—by denying them full and equal access to the
11 Restaurant.  The Taco Bell also violated Martinez's rights under the ADA, and,
12 therefore, infringed upon or violated (or both) Martinez's rights under the
13 Disabled Persons Act.

14     37.    <u>For each offense</u> of the Disabled Persons Act, Martinez seeks actual
15 damages (both general and special damages), statutory minimum damages of one
16 thousand dollars ($1,000), declaratory relief, and any other remedy available
17 under California Civil Code § 54.3.

18     38.    He also seeks to enjoin Taco Bell from violating the Disabled
19 Persons Act (and ADA) under California Civil Code § 55, and to recover
20 reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and
21 55.

VIII. THIRD CLAIM

**Unruh Civil Rights Act**

24     39.    Martinez incorporates the allegations contained in paragraphs 1
25 through 29 for this claim.

26     40.    California Civil Code § 51 states, in part, that: All persons within the
27 jurisdiction of this state are entitled to the full and equal accommodations,

1 advantages, facilities, privileges, or services in all business establishments of
2 every kind whatsoever.
3     41.    California Civil Code § 51.5 also states, in part, that: No business
4 establishment of any kind whatsoever shall discriminate against any person in
5 this state because of the disability of the person.
6     42.    California Civil Code § 51(f) specifically incorporates (by reference)
7 an individual's rights under the ADA into the Unruh Act.
8     43.    Taco Bell's aforementioned acts and omissions denied the physically
9 disabled public—including Martinez—full and equal accommodations,
10 advantages, facilities, privileges and services in a business establishment
11 (because of their physical disability).
12     44.    These acts and omissions (including the ones that violate the ADA)
13 denied, aided or incited a denial, or discriminated against Martinez by violating
14 the Unruh Act.
15     45.    Martinez was damaged by Taco Bell's wrongful conduct, and seeks
16 statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.
17     46.    Martinez also seeks to enjoin Taco Bell from violating the Unruh
18 Act (and ADA), and recover reasonable attorneys' fees and costs incurred under
19 California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

22     47.    Martinez incorporates the allegations contained in paragraphs 1
23 through 13 for this claim.
24     48.    Health and Safety Code § 19955(a) states, in part, that: California
25 public accommodations or facilities (built with private funds) shall adhere to the
26 provisions of Government Code § 4450.

*Martinez v. PRB Management, LLC*
Plaintiff's Complaint

1    49.    Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

50.    Martinez alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Restaurant was not exempt under Health and Safety Code § 19956.

51.    Taco Bell's non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) Martinez and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Martinez prays judgment against Taco Bell for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.    Declaratory relief that Taco Bell violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.    Attorneys' fees, litigation expenses, and costs of suit.[2]

5.    Interest at the legal rate from the date of the filing of this action.

DATED: October 4, 2011          DISABLED ADVOCACY GROUP, APLC


   /s/ Lynn Hubbard, III
   LYNN HUBBARD, III
   Attorney for Plaintiff

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Martinez v. PRB Management, LLC*
Plaintiff's Complaint

Page 11